# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 22, 2011     Decided February 17, 2012

No. 10-7030

SHAHINTAJ BAKHTIAR, INDIVIDUALLY AND AS NEXT-OF-KIN
AND REPRESENTATIVE OF THE ESTATE OF DR. CHAPOUR
BAKHTIAR, AND ON BEHALF OF GOUDARD BAKHTIAR, A
MINOR, MANIJEH ASSAD BAKHTIAR, ET AL.,
APPELLANTS

v.

ISLAMIC REPUBLIC OF IRAN AND IRANIAN MINISTRY OF
INFORMATION AND SECURITY,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:02-cv-00092)

———

*Michael P. Guta* argued the cause for appellants. With him on the briefs was *Henry E. Weil*.

*Jessica Ring Amunson*, appointed by the court, argued the cause as *amicus curiae* on behalf of appellees. With her on the brief was *David W. DeBruin.*

Before: GARLAND and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: The question is whether plaintiffs may obtain punitive damages in their state-law tort suit against Iran without complying with the congressionally specified procedures for seeking punitive damages against a foreign nation. The answer is no.

I

As of early 1979, Chapour Bakhtiar was Prime Minister of Iran. During the Iranian Revolution that year, Bakhtiar went into exile. On August 6, 1991, Bakhtiar was murdered at his home in the Paris area.

Bakhtiar's family members asserted that Iran was responsible and filed suit in U.S. District Court against Iran and an Iranian government agency. Plaintiffs brought their claims under California tort law.

Under the Foreign Sovereign Immunities Act, foreign nations are generally immune from suit in U.S. courts. *See* 28 U.S.C. § 1604. But plaintiffs were able to maintain their case under the Act's exception for state-sponsored terrorism. *See* 28 U.S.C. § 1605(a)(7) (2006).

Iran did not appear in the District Court to contest the suit. In 2007, the District Court entered default against Iran.

The District Court then held a damages trial. At the time, plaintiffs sought only compensatory damages, and not punitive damages, because the Foreign Sovereign Immunities Act prohibited the award of punitive damages against foreign nations.

On January 28, 2008, before the District Court decided the damages issue, Congress passed and President George W. Bush signed a law amending the Foreign Sovereign Immunities Act. The new law's relevant provisions – now codified at 28 U.S.C. § 1605A – created a federal cause of action against foreign nations and allowed punitive damages against foreign nations. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083(a)(1), 122 Stat. 3, 338-41.

The new law set forth three options for plaintiffs with pending cases to seek punitive damages against foreign nations. *See* Pub. L. No. 110-181, § 1083(c)(2)-(3), 122 Stat. at 342-43 (codified at 28 U.S.C. § 1605A note). Each option had specific procedures and time limits. First, plaintiffs with pending cases could move to convert their suits into § 1605A cases, but they had to do so within 60 days of enactment of the new law (that is, by March 28, 2008). Second, plaintiffs with pending cases could refile their suits as § 1605A cases, but again they had to do so within 60 days of enactment of the new law (that is, by March 28, 2008). Or third, plaintiffs with pending cases could file related actions under § 1605A within 60 days of enactment of the new law or within 60 days of judgment in their original case, whichever was later (here, as it turned out, by September 15, 2008).

On June 6, 2008, after the damages trial had concluded but before the District Court had ruled, plaintiffs filed Supplemental Proposed Findings of Fact and Conclusions of Law. In that filing, plaintiffs cited § 1605A and requested punitive damages against Iran.

On July 17, 2008, the District Court issued its Findings of Fact and Conclusions of Law and awarded $12 million in compensatory damages. The District Court denied punitive

4

damages because plaintiffs had not complied with the specific procedures and time limits set forth in the new statute for plaintiffs with pending cases to seek punitive damages. Plaintiffs had not moved to convert their suit to a § 1605A case or refiled their suit as a § 1605A case by the deadline of March 28, 2008. Nor had plaintiffs filed a related § 1605A action.

On July 30, 2008, plaintiffs moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] On February 16, 2010, the District Court denied the motion. The court again concluded that plaintiffs had not followed the procedures and time limits set forth by Congress for plaintiffs with pending cases to seek punitive damages against foreign nations.

II

On appeal to this Court, plaintiffs' primary argument is that the options Congress set forth in the new 2008 law are not the exclusive means by which litigants with cases pending as of that date could seek punitive damages against foreign nations. Plaintiffs contend, in other words, that they were not required to comply with the procedures and time limits set forth by Congress in the 2008 law. Specifically, plaintiffs argue that Federal Rules of Civil Procedure 59 and 60 provide alternative means for them to seek punitive damages against foreign nations.

---

[1] Until September 15, 2008, plaintiffs could still have tried to file a related § 1605A action. But they did not do so. Nor did they assert that their June 6 or July 30 submissions to the District Court constituted the filing of a related § 1605A action.

We disagree. For plaintiffs with suits pending against foreign nations as of January 28, 2008, Congress provided three options for obtaining the benefits of § 1605A and seeking punitive damages: a motion to convert the action, a refiling of the action, or the filing of a related action. Each option contained its own time limits, and Rules 59 and 60 do not create additional options free from those statutory time limits.

Under plaintiffs' theory, the procedures and time limits established by Congress would be largely meaningless, and plaintiffs with cases pending as of January 28, 2008, could file a motion under Rules 59 and 60 long after the deadlines established by Congress had passed. We cannot accept that interpretation of the statutory text. We must respect the balance that Congress struck in allowing punitive damages against foreign nations but simultaneously imposing procedures and time limits for plaintiffs with pending cases to obtain such damages. To bring a claim for punitive damages, plaintiffs here had to move to convert their case, or to refile their case, by March 28, 2008 (60 days after enactment of the new law). Or plaintiffs had to file a related action by September 15, 2008 (60 days after entry of judgment in their original action). Plaintiffs did not pursue any of those statutorily provided options. As a result, plaintiffs may not obtain punitive damages from Iran.

We have considered all of plaintiffs' arguments and find them without merit. We affirm the judgment of the District Court.

*So ordered.*